Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103
c/o Electronic Court Filing System

Re: Letter Brief of Amici States in Support of Appellees
Requesting Affirmance of the District Court in
*State of Arizona, et al v. Ashton, et al,* No. 12-15691

Dear Ms. Dwyer:

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, the States of Colorado and Nevada ("Amici States") respectfully submit this letter brief in support of Appellees State of Arizona *et al* in *State of Arizona, et al v. Ashton, et al,* No. 12-5961. Amici States join in the legal arguments made by appellees in the Joint Supplemental Brief of the State of Arizona and Defendants-Appellees, filed on February 25, 2014.[1] Amici States write separately to stress the importance to all States of the legal issue raised in this appeal: the deference due to State environmental enforcement agencies by District Courts considering whether to enter consent decrees under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq.

Cleanup at the vast majority of the nation's contaminated sites is overseen not by the United States Environmental Protection Agency ("EPA"), but by States. While EPA has estimated that there may be up to 450,000 contaminated sites in the country,[2] only a fraction of them are subject to federal enforcement. At present, not counting sites owned by federal agencies themselves, fewer than 1,600

---

[1] Because Amici States join in arguments already briefed by appellants, consistent with the Court's preference they have proceeded via letter rather than submitting an additional brief. As States, they do not require leave of Court. Fed. R. Civ. App. 29 (a); *see also* Circuit Advisory Committee Note to Rule 29-1.

[2] *See* U.S. EPA, *Cleaning Up the Nation's Waste Sites: Markets and Technology Trends 2004 Edition,* EPA 542-R-04-015 (Sept. 2004), at 1-5.

contaminated sites are listed, previously were listed, or are proposed to be listed on EPA's National Priorities List ("NPL").[3]  In comparison, the State of Colorado has 18 active NPL sites, two proposed sites, and three former sites.[4]  At ten of these NPL sites, the Colorado Department of Public Health and Environment—not the EPA— is the lead agency.[5]  In addition to these NPL sites, Colorado oversees 850 non-NPL sites[6] in its Voluntary Cleanup Program."[7]  In short, the CERCLA task facing the States is even more daunting than that facing the federal government.

Both EPA and the States rely on the willingness of private parties to conduct or help fund cleanups.  The willingness of private parties to do so is almost uniformly contingent upon their ability to obtain CERCLA contribution protection under 42 U.S.C. § 9613 (f)(2).  Contribution protection immunizes settling parties from additional claims for CERCLA cleanup costs (although it does not bar toxic tort claims). To produce this result, the State settlement must resolve liability for a

---

[3] 40 CFR Part 300, Appendix B; *see also* EPA NPL chart, available at http://www.epa.gov/superfund/sites/npl/ (visited February 25, 2014); EPA, *The Facts Speak for Themselves: A Fundamentally Different Superfund Program* (Nov. 2006), available at http://www.epa.gov/superfund/whatissf/sf_fact4.pdf (visited February 24, 2014).

[4] Colorado Department of Public Health and Environment, Superfund Sites, available at http://www.colorado.gov/cs/Satellite/CDPHE-HM/CBON/1251615547672 (visited March 4, 2014).

[5] *Id.*

[6] Colorado Department of Public Health and Environment, Voluntary Cleanup Sites by County, available at http://www.colorado.gov/cs/Satellite?blobcol=urldata&blobheadername1=Content-Disposition&blobheadername2=Content-Type&blobheadervalue1=inline%3B+filename%3D%22Voluntary+Cleanup+Sites+Grouped+by+County.pdf%22&blobheadervalue2=application%2Fpdf&blobkey=id&blobtable=MungoBlobs&blobwhere=1251918164959&ssbinary=true (visited March 4, 2014)

[7] Voluntary Cleanup Program Overview, available at http://www.colorado.gov/cs/Satellite/CDPHE-HM/CBON/1251615547667 (visited March 4, 2014).

CERCLA "response action," even if it also resolves other state law liability.[8] Further, because of the perceived greater certainty, private parties commonly ask States to embody that CERCLA contribution protection in the form of a consent decree to be considered by the District Court, rather than in an administrative agreement.[9]

Requiring District Courts to subject CERCLA consent decrees negotiated by States to *de novo* review or other heightened scrutiny would impair the ability of States to achieve the CERCLA goals of ensuring "prompt and efficient" remediation of hazardous waste sites. *Arizona v. Components, Inc.*, 66 F.3d 213, 216 (9th Cir. 1995). State enforcement agencies are already burdened with the obligation to address the vast majority of the nation's contaminated sites. It would be a crippling blow to increase that burden by requiring States to invest still more time and more money to litigating whether consent decrees are fair, reasonable, and consistent with CERCLA.[10] As this Court itself previously recognized, Congress declined to impose on States certain procedural requirements applicable to the United States, as set forth in 42 U.S.C. § 9622. *Components*, 66 F.3d at 216. Having declined to limit the settlement powers granted to States in 42 U.S.C. § 9613 (f)(2) or to require States to follow the same procedural hoops as the federal government, it is inconceivable that Congress nevertheless intended that courts should give heightened scrutiny to consent decree negotiated by States than to those negotiated by the United States.

For the foregoing reasons, and those set forth in Joint Supplemental Brief of the State of Arizona and Defendants-Appellees, the States of Colorado and Nevada respectfully request that the Court reject the contention that District Courts must

---

[8] 42 U.S.C. § 9613 (f)(2).

[9] Under 42 U.S.C. § 9613 (f)(2), contribution protection arises from either an administrative or judicially approved settlement with a State or the United States.

[10] Courts may approve CERCLA consent decrees if they are procedurally and substantive fair, reasonable, and consistent with CERCLA's goals. *In re Tutu Water Wells CERCLA Litigation,* 326 F.3d 201, 201 (3rd Cir. 2003); *United States v. Montrose Chemical Corp.*, 50 F.3d 741, 747 (9th Cir. 1995). That determination, at a minimum, requires that the approving court be able to evaluate comparative fault using both a numerator and a denominator; whether non-settlors are jointly or only severally liable is also an appropriate consideration. *Id.*

review CERCLA consent decrees negotiated by States *de novo*, or otherwise apply to them a heightened level of scrutiny.[11]

Respectfully submitted this 4th day of March, 2014.

/s/ John W. Suthers
Attorney General
State of Colorado
Ralph J. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

Catherine Cortez Masto
Attorney General
State of Nevada
5420 Kietzke Lane, Suite 202
Reno, Nevada 89511

---

[11] Amici States are authorized to inform the Court that the Commissioner of the Indiana Department of Environmental Management, Tom Easterly, and the City of Phoenix, Arizona's largest city, concur in this position. There are 21 state Superfund sites in the greater Phoenix area. The City also previously remediated a former federal Superfund, the 19th Avenue Landfill, resulting it its deletion from the National Priorities List. http://www.azdeq.gov/environ/waste/sps/phx.html. That obligation was embodied in a judicial consent decree between the State of Arizona and the City of Phoenix (but not the United States), and approved by the District of Arizona. *State of Arizona v. City of Phoenix*, No. CIV 91-0237-PHX-CAM (D. Ariz.).

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I certify that:

Pursuant to Fed. R. App. 29 (d) and 9th Cir. R. 32-1, the attached amici brief is proportionally spaced, has a typeface of 14 points or more, and contains 1,500 words or less.

<u>March 4, 2014</u>　　　　　　　　　<u>/s/ Casey Shpall</u>


# CERTIFICATE OF SERVICE

I certify that on March 4, 2014, the foregoing amicus brief was filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF System, which will send a Notice of Electronic Filing to all CM/ECF registrants. The foregoing was mailed via First Class U.S. Mail to the following persons who are not registered CM/ECF registrants:

| | |
|---|---|
| Blake Ashley<br>Principal Assistant City Attorney<br>City of Tucson<br>255 West Alameda Street<br>Tucson, AZ 85726-7210 | Mary T. Holohan<br>Fluor Enterprises, Inc.<br>6700 Las Colina Blvd.<br>Irving, TX 75039 |
| Carol Comer<br>General Counsel<br>Indiana Department of Environmental Management<br>Indiana Government Center North, Room 1207<br>100 North Senate Avenue<br>Indianapolis, IN 46204 | Stephen Wetherell<br>Assistant City Attorney<br>City of Phoenix<br>200 W. Washington St., 13th Fl.<br>Phoenix, Arizona 85003-1611 |

　　　　　　　　　　　　　　　　/s/Linda Miller